UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELMORE GEORGE, III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:14CV2050 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because the motion is successive, it will be summarily denied and dismissed.

## Background

On February 17, 2010, after entering into a written plea agreement with the government, movant pled guilty to conspiring to possess oxycodone with intent to distribute, in violation of 21 U.S.C. § 846.[1] On May 27, 2010, movant was sentenced to a term of 151 months' of imprisonment. *See United States v George*, 4:08CR596 CEJ (E.D.Mo.). The Eighth Circuit Court of Appeals affirmed the conviction and sentence. *United States v. George*, No. 10-2283 (8th Cir. Nov. 23, 2010).

Movant filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 on July 5, 2011. *George v. United States*, 4:11CV1179 CEJ (E.D.Mo.). In his motion to vacate, movant alleged that his trial counsel was ineffective for failing to assert that the modified

---

[1] A second count charging movant with possession of oxycodone with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, was dismissed at sentencing pursuant to the parties' plea agreement.

categorical approach should be used to determine whether movant's prior Arizona conviction was a "controlled substances offense" under U.S.S.G.§ 4B1.2(b). The Court found that it would have been futile for movant's counsel to argue that the "modified categorical approach" applied to movant's Arizona conviction; thus, movant's ineffective assistance of counsel claim lacked merit. Similarly, this Court found that movant's appellate counsel's failure to assert the ineffective assistance claim on appeal did not constitute deficient performance.

Prior to the Court's ruling on the motion to vacate, movant moved to supplement his petition for relief, in light of the Supreme Court decision in *Descamps v. United States*. 133 S.Ct. 2276 (2013). Movant alleged that he was incorrectly sentenced as a career offender based on *Descamps*, in which the Court held that district courts may not apply the modified categorical approach to sentencing under Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements. The Court allowed movant to supplement his petition with his assertions under *Descamps*, however, the Court found that *Descamps* had no applicability to movant's conviction or sentence.[2] Thus, on August 25, 2014, this Court denied movant's motion to vacate. *George v. United States*, 4:11CV1179 CEJ (E.D.Mo.). Movant appealed the denial of his petition to the Eighth Circuit, where his claims are currently awaiting review. *See George v. United States*, No. 14-3235 (8th Cir.).

On December 12, 2014, movant filed the instant motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. In his motion for relief from his conviction and sentence, movant once again claims that his trial counsel was ineffective. He asserts that his counsel should have made him aware of changes in the law that could possibly benefit him.

---

[2]Moreover, the Court found that even if *Descamps* was relevant to movant's conviction or sentence, the ruling in *Descamps* was not retroactive to cases on collateral review. *See Lee v. United States*, 2014 WL 1571287 at *2 (N.D. Iowa 2014) (citing cases holding *Descamps* not retroactive).

Movant once again cites to *Descamps* in support of his position, claiming that he was subjected to an "illegal enhancement" of his sentence.

**Discussion**

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 is denied and dismissed as successive.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 29th day of December, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE